**UNITED STATES v. BRENNER.**

No. 447.

District Court, D. Delaware.

June 26, 1944.

Robert C. Barab, Sp. Asst. to the U. S. Atty., of Wilmington, Del., for the United States.

Francis A. Reardon, of Wilmington, Del., for defendant.

LEAHY, District Judge.

An information was filed against defendant for violation of the Second War Powers Act, § 301, 50 U.S.C.A.Appendix, § 633. On March 5, 1943, the Administrator of OPA promulgated General Rationing Order No. 8, which contained prohibitions and penalties. 8 F.R. 3783. Section 2.6 of the Rationing Order prohibits any person to acquire, possess, control, use or transfer a rationing document except in a way and for a purpose permitted by the order. The information contains seven counts. Counts 1, 2, 4, 5 and 6 charge defendant with wilfully and unlawfully transferring gasolene rationing coupons representing 12,000 gallons, in violation of the order and statute. Counts 3 and 7 charge that defendant transferred counterfeit gasolene rationing coupons representing 15,-500 gallons in like violation.

Defendant moved for an order directing the government to elect to proceed to trial on separate counts, on the ground that the joinder of the counts would prejudice defendant and fail to assure him a fair and impartial trial. The only ground defendant has to the joinder is based upon the proposition that the jury may use evidence in support of one count to convict him on another count not adequately proved. However, the issues in the case at bar are so closely related that it is difficult to conclude that the jury will be confused by the multiplicity of charges and will utilize evidence adduced in support of one count, either consciously or unconsciously, in arriving at their verdict on another count. Moreover, there is no showing here that the defendant will be embarrassed in his defense by the joinder of the counts in question. Upon the authority of United States v. Perlstein, 3 Cir., 120 F.2d 276; United States v. Silverman, 3 Cir., 106 F.2d 750; and United States v. Lotsch, 2 Cir., 102 F.2d 35, the court concludes that Sec. 557 of Title 18 U.S.Code, 18 U.S.C.A. § 557, is applicable, and there is no misjoinder of the counts.

Defendant's motion is denied.